IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Fair Housing of the Dakotas, Inc., Larry Norstedt, Betty Martin, Clarica Martin, Lacey Anderson, Kristina Hilde, each individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>Goldmark Property Management, Inc.,<br><br>Defendant. | Civil No. 3:09-cv-58<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Before the Court is Plaintiffs' Motion for Class Certification (Doc. #182). Defendant opposes the motion (Doc. #201). The Court, having considered the briefs and arguments by the parties, now issues this memorandum opinion and order.

**SUMMARY OF DECISION**

Class certification is improper, as Plaintiffs have proposed classes containing individuals that may not have suffered an injury in fact and, therefore, lack standing. Furthermore, Plaintiffs have not established that their claims are identical to members of the putative class. There are simply too many individual issues preventing this litigation from being certified as a class action as proposed by Plaintiffs, and the evidence is insufficient for this Court to define a class that meets the requirements of Rule 23(a). Because Plaintiffs have failed to meet all of the requirements of Fed.R.Civ.P. 23(a), their motion to certify two classes and a subclass is denied.

**BACKGROUND**

As a matter of clarity, the Court's previous summary judgment order found that the Fair

Housing Act encompasses all types of assistance animals regardless of training; therefore, Goldmark's policy of charging fees for non-specially trained animals implicates the Fair Housing Act. The Court has not made any findings with regard to whether other "ancillary" issues raised in this litigation implicate the Fair Housing Act, including (1) whether Goldmark's requirement that tenants with assistance animals obtain a renter's liability insurance policy, or (2) whether Goldmark seeks unnecessary information when evaluating a requested accommodation for assistance animals.

The Court noted in its Summary Judgment Order that "Plaintiffs contest a number of issues in this litigation, including, for example, the rationale underlying the amount of fees imposed for non-specially trained assistance animals, Goldmark's inconsistent application of its renters insurance requirement for persons with assistance animals, and whether unnecessary information is required to evaluate the appropriateness of an applicant's request for an assistance animal." Given the state of the record existing at that time, the Court concluded that "[t]o the extent that Plaintiffs intend to persist in asserting these claims in light of the Court's ruling [regarding the fees charged by Goldmark], those are issues that will need to be resolved by the trier of fact or as a matter of law at trial." It appears Plaintiffs have interpreted the Court's prior order as determining these "ancillary" issues implicate the Fair Housing Act as a matter of law. Such a determination has not been made.

With regard to the current motion, Plaintiffs now seek to certify two "classes" and a "subclass" of plaintiffs. Plaintiffs have proposed the following two classes:

1. All current tenants of residential properties operated by Goldmark who, at any time since September 2, 2008, have occupied a dwelling with an assistance animal pursuant to a reasonable accommodation granted to them by Goldmark; and

2

2. All persons, who at any time since September 2, 2008, occupied a dwelling operated by Goldmark with an assistance animal pursuant to a reasonable accommodation granted to them by Goldmark, *or* who obtained or attempted to obtain a reasonable accommodation for an assistance animal at a residential property operated by Goldmark, *and* who

   A. Submitted a reasonable accommodation request on Goldmark's form on or after September 2, 2008; or

   B. Were charged an assistance animal processing fee; or

   C. Were charged a non-refundable assistance animal fee; or

   D. Were charged monthly assistance animal rent; or

   E. Obtained renters' liability insurance to satisfy Goldmark's condition for exercising their granted reasonable accommodation.

For ease of reference, the Court will refer to the first proposed class as the "Current Tenant Class" and the second proposed class as the "All Tenant Class." With regard to the "All Tenant Class", Plaintiffs propose an additional subclass:

> All persons since September 2, 2008, who obtained a reasonable accommodation for an assistance animal at a residential property operated by Goldmark, but who were deterred from exercising their granted reasonable accommodation by the conditions imposed by Goldmark.

For relief, Plaintiffs seek injunctive and declaratory relief for the "Current Tenant Class" and damages for the "All Tenant Class."

## **DISCUSSION**

The United States Supreme Court recently reiterated the long-standing principle that a class action is "'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal-Mart Stores, Inc. v. Dukes, - - U.S. - -, 131 S.Ct. 2541, 2550 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979)). Accordingly,

Fed.R.Civ.P. 23 does not set forth a mere pleading standard. Rather, a party moving for class certification "must affirmatively demonstrate" compliance with Rule 23. Dukes, 131 S.Ct. at 2551; See Coleman v. Watt. 40 F.3d 255, 258 (8th Cir. 1994) (noting the party seeking class certification bears the burden of meeting the requirements of Rule 23). It might be necessary for a court to look beyond the pleadings before deciding the certification questions. Dukes, 131 S.Ct. at 2551 (quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982)). Moreover, it is not uncommon for a court to touch on the merits of the case in order to resolve whether class certification is appropriate. Id. While a court is not permitted to resolve the merits of the claims, a class action may properly be certified only if the trial court is satisfied "after a rigorous analysis" that the prerequisites of Rule 23(a) have been satisfied. Id.

The requirements of Rule 23(a) are often summarized as numerosity, commonality, typicality, and adequate representation. Id. The class must meet all four requirements for certification. Id. If all four requirements are met, a class must then also meet at least one of the three requirements listed in Rule 23(b). In re St. Jude Med., Inc., 425 F.3d 1116, 1119 (8th Cir. 2005). District courts are afforded broad discretion in determining whether to certify a class. In re Zurn Pex Plumbing Products Liability Litigation, 644 F.3d 604, 616 (8th Cir. 2011).

1. The "Current Tenant Class"

Plaintiffs seek to certify a class consisting of all current tenants residing in a property managed by Goldmark who since September 2, 2008, have occupied a dwelling with an assistance animal pursuant to "the grant of a reasonable accommodation request." For relief they seek a declaration that Goldmark's policies pertaining to the reasonable accommodation request violate the Fair Housing Act and an injunction prohibiting Goldmark from continuing to enforce

4

the policies.

It is axiomatic that a district court may not certify a class if it contains members who lack standing. In re Zurn Pex Plumbing Products Liability Litigation, 644 F.3d at 616. To demonstrate standing, a plaintiff bears the burden of establishing "injury in fact that is fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision." Id. (quoting Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 591 (8th Cir. 2009)).

The putative class includes individuals that arguably have not suffered an "injury in fact" traceable to Goldmark's actions. There is at least one identified individual residing in a Goldmark-managed property in the North Dakota region with an assistance animal that does not have to comply with Goldmark's assistance animal policy at issue in this litigation. (See Doc. #196, Supplemental Declaration of Lacey Anderson). That individual is thus "grandfathered in" and arguably may not have suffered an "injury in fact" entitling her to redress—certainly she has not suffered the same injury as those class members required to pay the additional assistance animal fees. There may be more individuals "grandfathered in" who are included in Plaintiffs' proposed class. The Court cannot tell from the records provided by the parties who has been required to pay the additional fees and who has not. Plaintiffs also seek to include tenants occupying Goldmark-managed properties in Iowa, Nebraska, and the Minneapolis regions. However, it is undisputed that Goldmark does not charge additional fees for assistance animals in these regions. These individuals arguably lack a cognizable claim implicating the Fair Housing Act and have not suffered an injury in fact entitling them to redress.

At this stage in the litigation, Plaintiffs proposed class is so inclusive that it includes

5

individuals who lack standing.[1] Accordingly, Plaintiffs' putative class of current tenants cannot be certified for failure to establish every member suffered an injury in fact likely to be redressed by a favorable decision. In re Zurn Pex Plumbing Products Liability Litigation, 644 F.3d at 616. Because an amended class definition could be presented to the Court to cure the standing issue, for completeness the Court will proceed to consider the requirements of Rule 23(a).

    A.    Numerosity

Although there is no definitive rule regarding the necessary class size to meet the numerosity requirement, the plaintiff bears the burden of establishing that numerosity exists. Belles v. Schweiker, 720 F.2d 509, 515 (8th Cir. 1983). A number of factors are relevant to this inquiry, and the most obvious is the number of persons in the proposed class. In addition to the size of the class, a court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. Paxton v. Union Nat'l Bank, 688 F.2d 552, 559 (8th Cir. 1982).

Plaintiffs estimate there are at least 170 persons who made a reasonable accommodation request to Goldmark and are current tenants. (Doc. #182-1, p. 14). Plaintiffs assert the records provided by Goldmark identify over 300 proposed class members, but Plaintiffs only attached the first page listing 30 individuals (Doc. #182-1, p. 11). Each of the listed individuals occupy or occupied a dwelling in Bismarck, North Dakota. Some of these listed individuals are no longer

---

[1] To the extent Plaintiffs claim that the mere request for, or completion of, the reasonable accommodation request form or the requirement to obtain a renter's liability policy implicates the Fair Housing Act, the Court has not determined either of those requirements implicate the Fair Housing Act. Plaintiffs with these claims stand in a different legal position than those individuals who have paid Goldmark's fees for non-specially trained assistance animals and which the Court has found implicate the Fair Housing Act.

residents. Some of these listed individuals were denied the requested accommodation for reasons that are unknown. From the evidence provided, the Court can discern only 20 individuals that have actually paid the assistance animal non-refundable fee and monthly fee. Of significance, the location of the remaining proposed class members is unknown. As the Court previously noted, individuals located in Iowa, Nebraska, and the Minneapolis region are not similarly situated, as Goldmark does not have assistance animal fees in these regions.

The information presented by Plaintiffs does not accurately establish with any reasonable certainty the approximate size of the class. Plaintiffs have failed to meet their burden of showing that the class is so numerous that joinder of all members is impracticable. Wal-Mart, 131 S.Ct. at 2551 (plaintiffs must prove there are in fact sufficiently numerous parties before certification can be granted).

    B.  Commonality

The commonality requirement of Rule 23(a)(2) is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation." Paxton, 688 F.2d at 561. This requirement is easily misread, as "any competently crafted class complaint literally raises common questions." Dukes, 131 S.Ct. at 2250 (citation omitted). Nonetheless, evidence amounting to "significant proof" that a defendant operated under a "general policy of discrimination" may be sufficient to establish commonality. Id. at 2253 (quoting Falcon, 457 U.S. at 159).

Goldmark has a policy of charging fees for non-specially trained assistance animals. This is sufficient to establish commonality. Dukes, 131 S.Ct. at 2251 ("[Class members'] claims must depend upon a common contention.... That common contention, moreover, must be of such a

nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). Because Plaintiffs' claims are based on a policy itself, not any discretionary actions by a manager or other employee, this case does not give rise to the same concerns expressed by the Supreme Court in Dukes. In that case, there was no policy and the plaintiffs failed to identify a common mode of exercising discretion pervading the entire company in their proposed Title VII discrimination class action. While Goldmark contends its policy does not violate the Fair Housing Act, that issue goes exclusively to the merits of Plaintiffs' claims. The commonality requirement of Rule 23(a) is satisfied.

    C.    Typicality

The third requirement of Rule 23(a)(3) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a). "Commonality" and "typicality" are separate but related requirements of class certification. DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1174-75 (8th Cir. 1995). In DeBoer the Eighth Circuit Court of Appeals explained:

> [c]ommonality is not required on every question raised in a class action. Rather, Rule 23 is satisfied when the legal question "'linking the class members is substantially related to the resolution of the litigation.'" . . . The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff.

Id. at 1174-75 (citations omitted).

Generally, when the relief sought is the same, the presence of factual variations is normally not sufficient to preclude class certification. Donaldson v. Pillsbury Co., 554 F.2d 825,

831 (8th Cir. 1977) (citations omitted). However, the factual variations in this case are critically important. Plaintiffs seek to represent individuals who have paid Goldmark's assistance animal fees, those who have an assistance animal but have not paid any fees because they are "grandfathered in," and those who have an assistance animal but have not paid any fees because Goldmark has no such policy in their region. Contrary to Plaintiffs' contentions, it is improper for this Court to assume tenants of Goldmark-managed properties residing outside of the North Dakota region may one day suffer an injury because Goldmark might change its policies in those regions.

"The presence of a common legal theory does not establish typicality when proof of a violation requires individualized inquiry." Elizabeth M. v. Montenez, 458 F.3d 779, 787 (8th Cir. 2006). This is true even where injunctive relief is sought. Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1004-05 (8th Cir. 2004). Here, given the broad class of putative class members - all current tenants since September 2, 2008, who have an assistance animal in a Goldmark-managed property - the fact-finder will have to make a case-by-case determination as to whether the Fair Housing Act was violated as to each member and whether he or she is entitled to any relief. The putative class members do not necessarily share the same injury and do not find themselves in the same legal position, as some have claims in which the Court has found implicate the Fair Housing Act and some have claims that the Court has made no such determination. Plaintiffs have failed to establish the typicality requirement. There are simply too many individual issues to satisfy the typicality requirement.

D.  Adequate Representation

Rule 23(a)(4) requires that the named representative must be able to fairly and adequately protect the interests of class members. To meet this requirement, the named plaintiff must be a member of the class she seeks to represent. East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977). In addition, the class representative must possess the same interest and suffer the same injury as the class members. Id.

Plaintiffs seek the appointment of Kristina Hilde and Lacey Anderson to represent the "Current Tenant Class." As already noted, Plaintiffs have failed to demonstrate the putative class members share the same injury and all possess legal standing to bring their claims. The claims of the proposed representatives thus cannot be said to be typical of the entire class and, as such, the representatives cannot fairly and adequately represent the interests of the class as a whole.

Plaintiffs must establish all four of the requirements of Rule 23(a). They have failed to meet their burden of proof on three of the four requirements. Their motion for class certification is **DENIED**.

2.  The "All Tenant Class"

Plaintiffs also seek to certify a class including "all persons" occupying a Goldmark-managed property since September 2, 2008 who either were granted a reasonable accommodation or obtained or attempted to obtain a reasonable accommodation for an assistance animal and either (a) completed the reasonable accommodation request form, or (b) were charged fees relating to the assistance animal, or (c) were required to obtain a renter's liability insurance

policy.² For relief, Plaintiffs seek an award of damages, including a refund of payments, reimbursement for out-of-pocket expenses, and compensation for emotional distress.

For some of the same reasons outline above, Plaintiffs' putative class seeking damags fails to meet the requirements of Rule 23(a). Again, the proposed class is overly inclusive resulting in a wide range of potential claims. It includes individuals who have occupied a dwelling managed by Goldmark and it includes those who have never occupied a dwelling but merely inquired about residing with an assistance animal. It also includes individuals who have paid fees to reside with assistance animals and those who have not paid any fees. The proposed class members, while all challenging Goldmark's policies regarding non-specially trained assistance animals, do not have the same grievance and do not find themselves in the same legal position to assert a claim. Given the extremely broad proposed class, resolution of the purported common legal issue would require individual factual determinations. Plaintiffs have failed to meet the requirements of Rule 23(a).

Plaintiffs also seek to certify a subclass consisting of "all persons" who were deterred from exercising their "granted reasonable accommodation" to have an assistance animal because of the conditions imposed by Goldmark. Plaintiffs assert 67 persons were approved for the requested reasonable accommodation but decided not to reside with an assistance animal.

---

²Plaintiffs have asserted Goldmark's form requesting an accommodation for an assistance animal requires unnecessary information and its requirement regarding renter's liability insurance implicate the Fair Housing Act. In contrast to the fee issue, this Court has not found either of these claims implicate the Fair Housing Act. The Court expresses no opinions on the merits of these "ancillary" issues other than to observe the legal issues surrounding the claims are different, rendering them inappropriate for resolution as part of a class action involving the fee issues.

However, they have only identified a single person that actually fits in their proposed subclass. Plaintiffs contend "[i]t is reasonable to assume that a majority, if not all, were persons who obtained accommodations but were deterred from exercising their right because of the conditions imposed by Goldmark on its exercise." (Doc. #182-1, p. 14).

The law does not require exact evidence of class size. It does, however, provide that a class action determination may not be based on mere speculation. Riedel v. XTO Energy, Inc., 257 F.R.D. 494, 506 (E.D. Ark. 2009) (quoting Newberg on Class Actions, § 3.5 (4th ed.)). A good-faith estimate should be sufficient when the number of class members is not readily ascertainable. Id. Plaintiffs have failed to identify a single other individual that fits within the proposed class. Despite having a list of potential class members, Plaintiffs simply speculate that a majority of persons were deterred because of Goldmark's policies. This is not enough. See Saey v. CompUSA, Inc., 174 F.R.D. 448, 451 (E.D. Mo. 1997) (class certification properly denied when the plaintiff presents evidence of only one arguable class member). With regard to their proposed subclass, Plaintiffs have failed to demonstrate the impracticability of joinder under Rule 23(a).

Having failed to satisfy the requirements of Rule 23(a) as to each proposed class and subclass, the Court need not analyze the requirements under Rule 23(b).

## DECISION

Following a "rigorous analysis" of the proposed classes and subclass, Plaintiffs have failed to meet their burden of establishing all of the requirements under Rule 23(a) for class certification. For the foregoing reasons, Plaintiffs' motion for class certification is **DENIED** in

its entirety.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2011.

<u>/s/   Ralph R. Erickson</u>
Ralph R. Erickson, Chief Judge
United States District Court
