IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Fair Housing of the Dakotas, Inc., Kristina Hilde, Kali Weinand, and Kathleen North, each individually and on behalf of a class of similarly situated persons, | ) ) ) ) ) | Civil No. 3:09-cv-58 |
| Plaintiffs, | ) ) ) | **ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |
| vs. | ) ) | |
| Goldmark Property Management, Inc., | ) ) | |
| Defendant. | ) | |

Before the Court is Plaintiffs' unopposed motion for final approval of a proposed class action settlement (Doc. #320) and unopposed motion for attorney fees and incentive awards to the class representatives (Doc. #324). These two matters came on for a fairness hearing on December 20, 2012. No one has objected to the proposed terms of the settlement. Upon consideration, the Court finds as follows:

WHEREAS, on November 1, 2011, the Court certified two plaintiff classes, namely:

(1) Under Fed. R. Civ. P. 23(b)(2), seeking equitable relief, a "Current Tenant Class" defined as:

> All current tenants of residential properties operated by Goldmark Property Management, Inc. in its "North Dakota Region" who, at any time since September 2, 2008, have occupied a dwelling with an assistance animal pursuant to a reasonable accommodation granted to them by Goldmark, and who paid an assistance animal processing fee, a non-refundable assistance animal fee, or monthly assistance animal rent.

and

(2) Under Fed. R. Civ. P. 23(b)(3), seeking damages, an "All Tenants Class" defined as:

> All persons who, at any time since September 2, 2008, occupied a dwelling operated by Goldmark Property Management, Inc. in its "North Dakota Region" with an assistance animal pursuant to a reasonable accommodation granted to them by Goldmark, and who paid an assistance animal processing fee, a non-refundable assistance animal fee, or monthly assistance animal rent.

(Doc. #255);

WHEREAS, the Court appointed Kali Weinand and Kathleen North as Class Representatives of the "Current Tenants Class" and Kristina Hilde-Carter, Kali Weinand and Kathleen North as Class Representatives of the "All Tenants Class."  (Doc. #255);

WHEREAS, the Court appointed Brancart & Brancart as Class Counsel (Doc. #307);

WHEREAS, the parties reached a proposed settlement of this action and filed a Stipulation and Agreement of Settlement on September 27, 2012 (Doc. #303);

WHEREAS, all members of the certified "Current Tenant Class" are also members of the certified "All Tenants Class" and the two classes together are the "Settlement Class";

WHEREAS, on October 10, 2012, the Court entered an Order Preliminarily Approving Class Settlement, which: (i) preliminarily approved the proposed settlement; (ii) approved the forms and methods of notice of the settlement to members of the Settlement Class; (iii) directed that appropriate notice of the settlement be given to the Settlement Class; and (iv) set a hearing date for final approval of the Settlement (Doc. #307);

WHEREAS, notice of the proposed settlement was mailed to the Settlement Class on October 23 and 24, 2012, by first class mail (Doc. #309), advising class members of their opportunity to request exclusion from the Settlement Class or object to the proposed settlement;

WHEREAS, the time for Absent Class Members to request exclusion from the Settlement

Class or file objections has expired;

WHEREAS, the Court conducted a Final Fairness Hearing on December 20, 2012, at 8:30 a.m., the time set forth in the notice given to the Settlement Class. The Class Representatives and Settlement Class were represented by Christopher Brancart of Brancart & Brancart (Class Counsel) and defendant Goldmark Property Management, Inc. was represented by Michael T. Andrews of Anderson, Botrell, Sandan & Thompson; and

WHEREAS, the Court having heard arguments of counsel for the parties and of such persons as chose to appear at the Fairness Hearing, having reviewed all of the pleadings, affidavits, and exhibits submitted by the parties, and having carefully considered all of the files, the entire record, and proceedings, and being otherwise fully advised,

**THE COURT FINDS AND CONCLUDES** as follows:

1.     The Court has subject matter jurisdiction over this action. The parties including the members of the Settlement Class have submitted to the jurisdiction of this Court for purposes of the proposed Settlement, and the Court has personal jurisdiction over them.

2.     The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable under the circumstances.

3.     The notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, afforded due process, and constituted due and sufficient notice of the settlement and the settlement process.

4.     The proposed settlement as set forth in the Settlement Agreement is fair, adequate, and reasonable and in the best interests of the Settlement Class. After notice was sent to each Absent

3

Class Member by first class mail, no Class Member objected to any of the terms of the Settlement and only three Class Members opted out. Such minimal opposition to the settlement is evidence of the settlement's fairness, adequacy, and reasonableness.

5.      Taking into account (1) the value of the settlement benefits to the Settlement Class, including non-monetary relief benefitting current and future tenants of Goldmark properties; (2) the risks inherent in continued litigation; (3) the complexity, expense, and likely duration of the litigation in the absence of settlement; (4) the experience and views of Class Counsel; and (5) the positive reaction of the Settlement Class, the settlement is fair, adequate, reasonable, and deserves this Court's final approval.

6.      The Class Representatives and Class Counsel have fairly and adequately represented the interests of the Absent Class Members.

7.      The motion for final approval of the Settlement Agreement and for an award of attorneys' fees and incentive awards is **GRANTED** pursuant to the terms of the Settlement Agreement.

8.      The Class Representatives and all members of the Settlement Class (except those who filed timely Statements of Exclusion), and each of them, are bound by the settlement terms and conditions as set forth in the Settlement Agreement.

9.      The provisions of the Settlement Agreement are expressly incorporated by reference into this Order, and are to be effective, implemented and enforced as provided in that Agreement. Capitalized terms used in this Order shall have the meaning given them in the Settlement Agreement (Doc. #303).

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      The terms and conditions of the settlement as set forth in detail in the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class.  The settlement shall be consummated in accordance with the specific terms and provisions of the Settlement Agreement.

2.      The Court therefore hereby orders and declares that the Settlement Agreement is binding on all Parties, the Class Representatives and Settlement Class Members, as well as each of their heirs, executors, administrators, successors and assigns.

3.      The releases in the Settlement Agreement with respect to Class Representatives Kali Weinand and Kathleen North and the Settlement Class members and are approved.  Upon the Final Effective Date of the Settlement Agreement, Class Representatives Kali Weinand and Kathleen North and each Settlement Class Member who did not timely request exclusion from the Settlement Class shall be deemed to have given Goldmark, its officers, directors, employees, successors, principals, assigns and agents, a limited release, which shall bar them from asserting any claim that could have been brought in this case under any legal theory, including the federal Fair Housing Act, arising out of Goldmark's assistance animal policies, including all claims for emotional distress, punitive damages and any interest accrued on the fees collected. Specifically excluded from the release are any claims by member of the Settlement Class for personal or economic injury or property damage unrelated to Goldmark's assistance animal policies, including but not limited to claims arising out of Goldmark's alleged failure or refusal to grant an individual's request for reasonable accommodation, and claims regarding processing or return of security deposits, breaches of a lease agreement or any other landlord duty imposed by law. This limited release shall have no effect on

Goldmark's rights under the lease agreements of the Settlement Class members and applicable laws concerning the landlord/tenant relationship, including Goldmark's right to charge for specified damages caused to a unit or common area by an Absent Class Member's assistance animal.

4.    Class Representatives Kali Weinand and Kathleen North and the Settlement Class members who did not timely request exclusion from the Settlement Class are forever barred and permanently enjoined from instituting, asserting or prosecuting any and all claims against Goldmark released pursuant to the terms of paragraph 3 above.

5.    Class Counsel is awarded attorneys' fees and costs in the amount of $204,586. Goldmark will make that payment separately from the amounts to be refunded to the Settlement Class in accordance with the terms of the Settlement Agreement. Goldmark shall make that payment within 14 days of the Final Effective Date of the settlement as defined in the Settlement Agreement.

6.    Class Representative Kristina Hilde-Carter is awarded $5,000 for her service as representative of the class. She shall execute the general release contemplated by the Settlement Agreement. Class Representative Kali Weinand is awarded $500 for her service as representative of the class. Class Representative Kathleen North is awarded $500 for her service as representative of the class. Goldmark shall make those payments within 14 days of the Final Effective Date of the settlement as defined in the Settlement Agreement.

7.    Within 14 days of the Final Effective Date of the settlement as defined in the Settlement Agreement, Goldmark shall calculate the amount of assistance animal fees to be refunded to each Class Representative and Absent Class Member and issue refund checks to each Class Representative and Absent Class member and mail those refund checks by first class mail to the most recent last known address available for each person. The procedure for administrating class

refunds set forth in the Settlement Agreement shall govern and those terms are incorporated herein by reference (Doc. 303 ¶¶ 39-44).

8.      The offsets requested by Goldmark with respect to certain Absent Class Member's refunds shall be applied in accordance with the separate order issued by the Court.

9.      There being no just reason for delay, the Clerk of Court is directed to enter final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 20, 2012.

*/s/   Ralph R. Erickson*
Hon. Ralph R. Erickson, Chief Judge
United States District Court